**Dated: April 06, 2006**
**The following is ORDERED:**



*Tom R. Cornish*
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**ANGELA DENISE BROWN**  Case No. 06-80047
**a/k/a ANGELA DENISE WILSON**  Chapter 7

　　　　　　　　Debtor.

### ORDER OF DISMISSAL

On the 29th day of March, 2006, the above-referenced bankruptcy case came before this Court for a Show Cause Hearing for Debtor's failure to file a credit counseling certificate. No appearances were entered at the hearing. After review, this Court does hereby enter the following in conformity with Fed. R. Bankr. P. 7052, in this core proceeding.

Ms. Brown filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on February 7, 2006. On March 3, 2006, Ms. Brown filed a Request for Thirty-Day Extension to File Credit Counseling Certificate. In her Request, Ms. Brown stated that she had attempted to obtain a certificate, but was unsuccessful, and that she would provide it as soon as possible. On March 10, 2006, this Court granted

Ms. Brown's Request for an extension, allowing Ms. Brown until March 28, 2006, to file her certificate. In that same Order, this Court set the March 29, 2006, Show Cause Hearing, in the event that Ms. Brown failed to file the certificate. As of the hearing date, a certificate of credit counseling had not been filed by Ms. Brown.

Section 109(h)(1) of the Bankruptcy Code provides in part:

> an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency. . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1). Section 109(h)(3) provides for an exemption to this requirement when certain requirements are met, although that exemption no longer applies 30 days after the filing of the petition. The Court may extend the exemption an additional 15 days for cause. 11 U.S.C. § 109(h)(3)(A) & (B).

Ms. Brown has had well over 45 days since the filing of her petition to file her credit counseling certificate. Because Ms. Brown has not met the requirements of credit counseling under § 109(h)(1), and 45 days has passed since the petition filing date, precluding any exemption under § 109(h)(3)(B), Ms. Brown is not eligible to be a debtor under Title 11. As a result, this case must be dismissed.

IT IS THEREFORE ORDERED that this bankruptcy case is hereby **dismissed**.

###